1 Robert W. Payne, Esq. (Bar No. 073901)
PAYNE IP LAW
2 111 N. Market Street, Suite 300
3 San Jose, CA   95113
Telephone: (408) 981-4293
4 E-Mail:  payne@bobpayne.com

5 Attorneys for Plaintiff
POWERTEQ, LLC
6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| POWERTEQ, LLC, a Delaware limited liability company, | NO. |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT |
| vs. | DEMAND FOR JURY TRIAL |
| KOSMAS, LLC, a Florida limited liability company, | |
| Defendant. | |

Plaintiff, POWERTEQ, LLC, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 15 U.S.C. sections 1114 and 1125 et seq.  Jurisdiction is therefore proper under 28 U.S.C. sections 1331, 1332 and 1338.

2. Venue in this judicial district if proper under 28 U.S.C. section 1391(b)(2), because both a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California and the property in question is located in said District.  On information and belief, likely confusion and other injury has occurred in the Northern District of

POWERTEQ, LLC v. KOSMAS, LLC
COMPLAINT
1

California, where customers and prospective customers of Plaintiff would confuse Defendant's usage of the trademarks in issue with Plaintiff's own trademarks.

3. Plaintiff Powerteq, LLC is a limited liability company existing under the laws of Delaware, with its principal place of business in El Paso, Texas.

4. Upon information and belief, Defendant is a Florida limited liability company, whose principal place of business is in Miami, Florida.

5. Upon information and belief, Defendant does business under and controls a number of aliases, entities or companies without observing to required corporate formalities, including, but not limited to: "Vaulted Performance." Based on the foregoing failure to observe required corporate formalities, the obligations and debts of any such alias, entity or company should and is the obligation and debt of Defendant, such that any corporate veil which may be asserted should be pierced.

6. Upon information and belief, each of the aliases, entities or companies under which Defendant operates or which Defendants controls is an agent of the other and an agent of Defendant.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

7. From June, 2003, and continuing to date, Plaintiff used in commerce the mark EDGE PRODUCTS in connection with automotive electronic goods. From January, 2004, and continuing to date, Plaintiff has been using in commerce the mark EDGE in connection with automotive electronic goods.

8. Plaintiff acquired trademark rights to use the marks EDGE and EDGE PRODUCTS (hereafter "the Marks) both at common law and by virtue of federal registrations from and after the foregoing dates. Plaintiff obtained its registration of the Marks from the United States Patent

POWERTEQ, LLC v. KOSMAS, LLC
COMPLAINT
2

and Trademark Office for Trademark Registration 3,049,069 (EDGE) and 3,125,691 (EDGE PRODUCTS) respectively. Copies of the registrations are attached hereto as Exhibit A.

9. Plaintiff extensively advertised and promoted the Marks, and invested substantial time, energy and resources to develop the Marks. The EDGE and EDGE PRODUCTS marks are strong marks, being inherently arbitrary, fanciful, distinctive or suggestive.

10. From December, 2004, and continuing to date, Plaintiff has been doing business in the United States, using the marks EDGE and EDGE PRODUCTS and related marks (hereafter "the Marks") in commerce as a trademark in connection with automotive electronic goods.

11. From and after July, 2016, Plaintiff became aware that Defendant was engaged in the use in commerce of the confusingly similar mark EDGE and EDGE PRODUCTS, in connection with automotive electronic goods. Plaintiff shortly thereafter demanded that Defendant cease such use, but Defendants continue to infringe the Marks.

12. Although Defendant is selling goods which are purportedly genuine, new products produced or manufactured by Plaintiff, the products sold by Defendant are materially different from Plaintiff's genuine goods. Defendant's goods and use of the trademark thus create confusion in the market place as use of an infringing trademark. The products are materially different in that genuine products from authorized dealers are protected under Plaintiff's warranty, whereas sales by Defendant is not, and consumers are therefore not purchasing the new, genuine product under the Marks which they suppose.

13. Defendant refused and continues to refuse to cease use, and has continued to use Plaintiff's intellectual property, including the above-stated confusing mark or marks, without Plaintiff's permission and to Plaintiff's injury.

/ / /

## COUNT I

(Trademark Infringement)

14. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1 through 13 of this Complaint as though fully set forth.

15. Plaintiff is informed and believes and based thereon alleges that Defendant created a likelihood of confusion with the Marks in the relevant marketplace as to source, sponsorship, affiliation and authorization, thereby constituting infringement of Plaintiff's registered and unregistered trademark and service marks.

16. As a proximate result of Defendant's above-described conduct, Plaintiff is informed and believes and based thereon alleges that Plaintiff has been damaged in an uncertain amount and that Defendant has wrongfully obtained profits in an unascertained amount. Plaintiff will seek leave to amend this Complaint when the same have been determined.

17. At all material times, Defendant acted in bad faith and willfully, for the purpose of trading upon Plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so and with intent to injury Plaintiff. Plaintiff is entitled thereby to enhanced damages in an uncertain amount. Plaintiff will seek leave to amend this Complaint when the same have been determined.

18. The above-described acts of Defendant caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Defendants will continue to do so unless enjoined by the Court.

WHEREFORE, plaintiff prays for judgment in its favor and against Defendant as follows:

/ / /

1. An award of Plaintiff's monetary damages and Defendant's profits, according to proof;

2. Enhanced or trebled monetary damages, according to proof;

3. An award of Plaintiff's attorneys' fees and costs, plus prejudgment interest from the date of each wrongful act;

4. Injunctive relief against Defendant and Defendant's officers, agents, employees, servants, successors and assigns and representatives and each of them, together with all others acting in privity with Defendant from using (in sales, promotional materials or style of doing business) the trademark, service mark, trade name, domain name or otherwise referring to itself or its goods with a mark containing the words EDGE or EDGE PRODUCTS, and further from using any term or acronym of similar appearance, sound or import;

5. A judicial declaration that Plaintiff has the exclusive right to use the Marks and that Defendant transfer all right, title and interest in and to the Marks; and

6. Any and all further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Pursuant to Fed.R.Civ. Pro. 38(b) and 5(d), Plaintiff demands a jury trial on all issues triable by jury.

Dated:  September 20, 2016              PAYNE IP LAW


                                        By_____/s/_____
                                             Robert W. Payne
                                             Attorneys for  Plaintiff Powerteq, LLC